KRONER, Respondent, vs. ORDER OF UNITED COMMERCIAL
TRAVELERS OF AMERICA, Appellant.

*October 20, 1921—February 7, 1922.*

- *Appeal and error: Affirmance by divided court.*

Where the justices of the supreme court are equally divided in
opinion on the question involved on an appeal, the judgment
appealed from will be affirmed.

APPEAL from a judgment of the circuit court for Juneau
county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

This action was brought to recover on an accident policy
held by the deceased in the defendant order.

Plaintiff contended that her husband's death was caused
by drowning; the defendant contended that his death was
caused by disease. The answer further sets up forfeiture
of plaintiff's rights by reason of the cremation of her hus-
band's body without first giving notice to the defendant
order of the intention to cremate.

The case was tried before the court and a jury. By a
special verdict the jury found that the deceased received a
bodily injury effected through external, violent, and acci-
dental means; that his death was caused by his falling into
a ditch and being drowned or suffocated in the mud and
water; that his death was occasioned by such bodily injury
alone and independent of all other causes.

Certain questions involving the interpretation of the con-
tract were raised in the case. In regard to these questions
the court found that the defendant issued the certificate of
insurance and agreed to indemnify the beneficiary in case
death resulted through external, violent, and accidental
means, alone and independent of all other causes; that the
contract provided for forfeiture in case of cremation with-
out first giving seven days' notice; that Fred Kroner died
June 1, 1918, and his body was cremated on June 3, 1918;
that the cremation was at the expressed wish of the de-

ceased and was done in good faith and without fraud; that plaintiff had no knowledge of the existence of the certificate of insurance until after the cremation; that on the 4th, 13th, and 29th days of June, 1918, the plaintiff gave separate notices in writing of the death of deceased to the supreme secretary of the defendant, giving the name and address of deceased and stating the cause of death and full particulars of the accident; that the defendant failed, neglected, and refused to furnish blanks for proofs of death; that the defendant on July 2, 1918, in writing, notified *Louise Kroner* that it denied all liability to her as beneficiary under the certificate on the sole ground that the remains of Fred Kroner had been cremated without first giving notice thereof to the supreme secretary at least seven days in advance of the intended cremation.

As conclusions of law the court found that the defendant accepted the notices of death sent by *Louise Kroner* as sufficient notices under the contract, and waived all other notices and proofs of death and the time and manner in which such notices and proofs are to be given, required in the certificate and contract; that under the evidence and facts as found in this case it is unreasonable to declare and to enforce a forfeiture of the plaintiff's claims under the insurance certificate on the ground that the body was cremated without first giving notice; that the beneficiary was excused from giving such notice; and that as to the plaintiff, under the facts and circumstances shown in this case, the provision as to cremation in said certificate is inapplicable, null, and void.

Judgment was entered for the plaintiff in the sum of $7,409.81, from which judgment defendant appeals.

For the appellant there was a brief by *E. J. B. Schubring* of Madison, attorney, and *John A. Millener* of Columbus, Ohio, of counsel, and oral argument by *Mr. A. R. Peterson* of Madison and *Mr. Schubring.*

Kroner v. United Commercial Travelers, 176 Wis. 151.

For the respondent there was a brief by *J. T. Dithmar* and *R. P. Clark,* both of Elroy, and oral argument by *Mr. Dithmar.*

The following opinion was filed November 15, 1921:

SIEBECKER, C. J.   Mr. Justice JONES is disqualified from participation in the decision of this case in this court for the reason that before he became a Justice of this court he had acted as an attorney for the defendant in this litigation.   The other six Justices of this court who participated in the decision on this appeal are equally divided in opinion as to the correctness of the judgment entered in the trial court and appealed from to this court.   Three of such Justices are of the opinion that the judgment appealed from is correct and should be affirmed, and three of such Justices are of the opinion that such judgment should be reversed and that judgment should be awarded dismissing the complaint.   This, under the rule, requires an affirmance of the judgment awarded by the trial court.   *Hagenah v. Milwaukee E. R. & L. Co.* 136 Wis. 300, 116 N. W. 843, and cases there cited.

*By the Court.*—It is so ordered.

JONES, J., took no part.

A motion for a rehearing was denied, with $25 costs, on February 7, 1922.